IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL SCOT ROBINSON,

    Plaintiff,

v.  No. CIV 11-0190 JB/CG

KARI BRANDENBURG DIST ATTY,
LISA MURRAY TRABAUDO ADA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Earl Scott Robinson's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 14, 2011 (Doc. 10).  See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)("[T]he amended complaint supersedes the original."). Robinson is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will dismiss the Amended Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Serv., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing Robinson's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The named Defendants are the district attorney and an assistant district attorney in Bernalillo County, New Mexico. The Amended Complaint alleges that the Defendants caused Robinson to be falsely arrested and imprisoned in 2004. The Defendants also allegedly paid informants to make false statements and presented the State's case against Robinson without credible evidence. Robinson contends that his resulting incarceration violates a number of his constitutional protections. He also alleges certain unconstitutional conditions of confinement, although he seeks no relief against the Defendants for those violations. For relief, the Amended Complaint asks for "removal to federal custody," a hearing on dismissal of criminal charges, and an order scheduling another polygraph procedure.

No relief is available on Robinson's claims for equitable relief in his state criminal proceeding. The provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, prohibit federal courts from intervening in ongoing state court proceedings except in very limited circumstances. See Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977). By § 2283's terms, the Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." And although Robinson does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287 (1970), quoted in Douglas-Guardian Warehouse Corp. v. Posey, 486 F.2d 739, 742 (10th Cir. 1973). "Suffice it to say that the Act is an absolute

prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." Vendo Co. v. Lektro-Vend Corp., 433 U.S. at 630. The Court will dismiss Robinson's claims in support of equitable relief for failure to allege any of the exceptions to the statutory prohibition of the relief he seeks.

Furthermore, the federal habeas corpus statutes provide the only avenue for Robinson's request for a hearing on dismissal of state charges against him.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." Petitioner's complaint states such a claim. Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

Nelson v. Campbell, 541 U.S. 637, 643 (2004)(citing 42 U.S.C. § 1983 and Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Because Robinson's request for dismissal of charges amounts to a challenge of the fact of his conviction, see Nelson v. Campbell, 541 U.S. at 643, the Court will dismiss his claims in support of this relief.

**IT IS ORDERED** that the Plaintiff Earl Scot Robinson's claims in support of equitable relief in the state criminal proceedings are dismissed with prejudice; otherwise the Amended Complaint is dismissed without prejudice to the Plaintiff's right to pursue remedies under the federal habeas corpus statutes; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Earl Scot Robinson
Metropolitan Detention Center
Albuquerque, New Mexico

    *Plaintiff pro se*